# YOUNG *vs.* HYDE.

Trespass against an officer, who issued a warrant for the collection of militia fines for which the person assessed was not liable, is the proper form of action in which to recover money paid, in order to prevent a levy on his property in satisfaction of such warrant.

In such a case, where a bond was given to secure the re-payment of the amount so collected as for fines, provided that the obligee should *prosecute the officer for the recovery of any sum so paid,* and *obtain judgment against him* for the same,— *held,* that it was not necessary to sue in assumpsit as for money had and received, but that the suit might be in any form of action proper for the purpose.

DEBT upon a bond, dated December 21, 1837, the condition of which recited that " whereas said Hyde has this day collected of said Young the amount of certain military fines, by virtue of a precept issued by Henry A. P. B. Hyde; and

whereas said Young contends he is not liable to pay said fines, now if said Young shall prosecute said Henry for the recovery of any sum so paid by him as aforesaid, and shall obtain judgment against said Henry for the same, and costs of suit, and said Henry or said Benjamin," (the present defendant,) "shall, on demand, well and truly pay to said Young the amount of said damage and costs, then the above obligation to be void, but otherwise remain in full force."

It appeared upon the trial, that said Henry, as captain, issued two warrants against the plaintiff, for the collection of military fines, and that the same were delivered to the defendant, who thereupon went to the plaintiff's store, and told him that if he did not pay the sums specified in said warrants he should take certain goods which were there within his reach, but which the defendant had not actually touched ; whereupon, it being agreed that said bond should be executed, the plaintiff paid the sums claimed on said warrants, and in pursuance of said agreement received said bond.

On the day of the date of said bond the plaintiff brought an action of trespass against said Henry, charging in one count the taking and carrying away of said goods, and in another count the taking of said goods and keeping the same until the plaintiff was obliged, in order to regain possession of them, to pay a large sum of money ; in which action the plaintiff, in due course, obtained judgment and execution against said Henry. It also appeared that the plaintiff at several times told said Henry that if either he or the present defendant did not pay said judgment, he would bring suit on the bond.

A verdict was returned for the plaintiff, subject to the opinion of this court upon the foregoing case.

*Hale*, for the defendant. The question simply is, whether the facts show any breach of the condition of the bond, viz. ; that the plaintiff should bring an action for the recovery of a sum of money paid, which it also recites he had paid.

How can the court say that a suit for taking the goods was an action to recover money paid? There is no evidence in the case that there was any *taking* of said goods.

*Hobbs*, for the plaintiff. The plaintiff's right to judgment depends upon his having regularly obtained a judgment against H. A. P. B. Hyde, for the money paid. Money, paid under legal process, cannot be recovered in assumpsit for money had and received. 2 *Stark. Ev.* 117; 17 *Mass.* 396; 2 *Dall.* 231; 7 *D. & E.* 266; but trespass might be well maintained on the facts stated. The acts of the defendant, the property being within his reach, amounted to an attachment; 10 *Mass.* 125; 12 *Mass.* 695; 2 *N. H. Rep.* 317, *Huntington* vs. *Blaisdell*. And even if that action was misconceived, the defendant is estopped by the judgment to say so. *Greenl. on Ev.* 563; 1 *Stark. Ev.* 192; 17 *Mass.* 433.

There is enough in the case to shew that the action of trespass was for the taking of the same goods, which were within his reach when he served the warrants.

The bond should be so construed as to carry the intention of the parties into effect.

PARKER, C. J. An action of trespass by the present plaintiff, against H. A. P. B. Hyde, the captain who issued the warrants, was the proper form of action in which to recover the money paid by him in satisfaction of the fines, if he was not in fact liable to be so fined. Even if it be assumed that the sum so paid by him might have been recovered in assumpsit, as for money had and received, the condition of the bond does not specify that the money should be recovered in such an action, but the language is, " shall prosecute said Henry, for the recovery of any sum so paid ;" and this can be interpreted in no other way than that the parties contemplated a recovery of the money in any form of action proper for the purpose. Trespass was substantially an action

for the recovery of the money paid by the plaintiff, and under the circumstances of this case, the measure of damages must have been the amount of money so paid ; thus the other part of the condition, viz.: to "obtain judgment against said Henry, for the same," was also literally complied with. The defendant's objection, then, is merely formal, and ought not to prevail.    There must be

*Judgment on the verdict.*